# CHARLESTON.

## HEAVNER v. CITY OF ELKINS.

Submitted March 4, 1910.   Decided April 25, 1911.

CONSTITUTIONAL LAW—*Due Process of Law—Assessment.*

An assessment by a city upon lot owners for cost of paving a street is not contrary to Amendment 14 of the National Constitution, or Section 10 of Article 3 of the State Constitution, either because the assessment is by the number of front feet of lots abutting on the street, or because there was no notice of such assessment to the lot owners.   (pp. 256-259).

Appeal from Circuit Court, Randolph County.

Bill by John E. Heavner and others against the City of Elkins and others.   Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*James A. Bent,* for appellants.

*Samuel T. Spears,* for appellees.

BRANNON, JUDGE:

Under power given it by Acts of 1905, chapter 6, amending section 28 of its charter act, the City of Elkins caused certain of its streets to be paved, and assessed two thirds of the cost upon owners of lots fronting on those streets. Such taxes or

assessments were placed in the hands of its collector for en-
forcement of payment, and certain chancery suits to enforce
such assessments as liens upon the lots charged therewith were
instituted in the circuit court of Randolph county against cer-
tain lot owners, and other suits were about to be brought for
the same purpose against other lot owners. John E. Heavner,
George W. Adamson and Seymour Harper, residents and tax
payers of the city, suing on behalf of themselves and all other
citizens, property owners and tax payers of the city whose prop-
erty was so assessed, sued out an injunction to rstrain the
city and its tax collector from levying the said assessments up-
on their property, and also to restrain the further prosecution
of suits then pending, and to restrain the city from instituting
such other suits. The decree in the case was one dissolving
the injunction and dismissing the bill, from which decree Heav-
ner and Adamson appeal.

This case is an important one in principle. It involves the
right of municipal corporations to improve its streets by pav-
ing and otherwise and charge the cost thereof to abutting lot
owners. This is an important function of cities and towns es-
sential, not merely to their beautification, but also to conveni-
ence in the use of the streets, and the public health. In these
days of large population and large business the power is indis-
pensable. That power has been frequently sustained as con-
stitutional and valid. *City of Parkersburg* v. *Tavenner,* 42 W.
Va. 486; *Hager* v. *Melton,* 66 *Id.* 62; *Chadwick* v. *Kelley,* 187
U. S. 540. However, this power is not contested in this case.
This case is also important in the respect that it is the first case
in this state directly involving the power of a city to fix the
amount of such assessment by the front foot, and also whether
there must be notice at some stage of the proceeding to the lot
owner. Counsel tells us that the assessments involved in this
case are void as depriving persons of property without due pro-
cess of law, and consequently violative of the 5th and 14th ·
Amendments of the Constitution of the United States and of
the State Constitution in their prohibition against depriving
persons of property without due process of law. I may remark
that the 5th Amendment has nothing to do with this case, as
that is only a restraint upon the federal and not state govern-

ment.   However, this is immaterial, as the 14th Amendment and the State Constitution contain the same provision.

The plaintiffs strongly urge that these assessments are void and contrary to such constitutional law, because the assessments were not made according to the benefits conferred upon each lot by the paving improvement, but by the frontage of the lots on the streets, that is, by the front foot.   At one time it was a great question whether the assessment could be so made.   Some state courts held that it could not be, but that the assessment must be measured by the benefits conferred on each lot.   *Violett* v. *Alexandria,* 92 Va. 961.   Such was the holding, as commonly construed, of *Norwood* v. *Baker,* 172 U. S. 269.   But in *French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324, that construction of the *Norwood case* was repudiated.   The common construction was that the *Norwood case* condemned such assessment; but if it did, it has been overruled or ignored by the Supreme Court.   The well considered case of *French* v. *Barber Co.,* just cited, holds as follows: "The apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage, without any preliminary hearing as to the benefits, may be authorized by the legislature, and this will not constitute a taking of property without due process of law."   This case has been followed in *Tonawanda* v. *Lyon,* 181 U. S. 389; *Cass Farm Co.* v. *Detroit, Id.* 395; *Webster* v. *Fargo, Id.* 394; *Chadwick* v. *Kelley,* 187 U. S. 540; *Davis* v. *City of Lynchburg,* 84 Va. 861.   The Supreme Court has said, "A system of delusive exactness should not be extracted from the very general language of the Fourteenth Amendment in order to destroy methods of taxation which were well known when the Amendment was adopted, and which no one then supposed would be disturbed."   *L. & N. Ry. Co.* v. *Barber Asphalt Paving Co.,* 197 U. S. 430.   Thus we hold the assessment by the front foot is not an unconstitutional mode of assessment.   What fairer mode of assessment?

This assessment is assaulted also on the ground that no notice was given the lot owners of the assessment.   It is contended that where any proceeding deprivative of property takes place, the first requirement is that there shall be notice, and that where there is none, is not due process of law, and the state and federal constitutions are violated.   That depends.   That depends

on the nature of the case and many other considerations. Since the coming of the 14th Amendment the powers of the states by their constituted authorities and of counties and municipalities is almost daily challenged. If that amendment means what it is often claimed to mean, then the states have very narrow powers. As was said in *Davidson* v. *New Orleans,* 96 U. S. 97, and repeated in *French* v. *Barber Co.,* 181 U. S. 324, there exists some strange misconception of the scope of the provision in the 14th Amendment in the thought that almost every act of the state authority can be arraigned as void at the bar of the Supreme Court, or branded in the state courts as repugnant to the 14th Amendment. The Supreme Court, the final arbiter on the question, has expressed its strong condemnation of such a construction of that amendment. Now as to the necessity of notice. This power of local assessment for improvements rests under the taxing power. So the courts everywhere say. It is well known, an axiom in the law, that ordinary annual taxation does not require notice and judicial process. If it did, the wheels of government would halt. If it were material here I would admit that such is not the rule with special assessments like those in this case. They are not annual, but occasional and special. Judson on Taxation, §327, says: "There is a distinction to be observed between assessments for the regularly recurring general taxation and those specially made for local improvements. The former are reviewed by a board of equalization which sits regularly at stated intervals, and of these sessions the tax payer is bound to take notice, so that no special notice is required. Special assessments, on the other hand, are not made at regular intervals, but whenever the public necessity or convenience requires. The tax payer therefore can not be charged with constructive notice of such proceedings and he must have some specific notice of the proposed charge against his property. This notice need not be personal, but may be sufficiently made by publication." And I would not deny that where the assessment is to be tested in amount by law or ordinance by benefits conferred on the property, a notice to the lot owner at some stage of the proceeding before the assessment becomes final must be given. Judson on Taxation, §312; Page & Jones on Taxation, §119; *Baughman* v. *Ross,* 167 U. S. 548.

As this charter act contains no requirement of notice it is

said to be for that reason unconstitutional. We cannot accede to this proposition. If the nature of the case is such as to require notice, we think that the requirement would be implied, and that there must be such notice, but that it would not render the act void for that reason. *B. & O. R. Co.* v. *P. W. & Ky. Co.*, 17 W. Va 812 I have said that if the process of charge were according to the benefits accruing to the lots that notice would be essential; but in this case it was by front foot. In 25 Am. & Eng. Ency. L. 1215, it is stated that where the assessment is dependent on special benefits to the property it is essential that notice be given; but it is further stated that, "Where however, the only act necessary to ascertain the amount of an assessment upon property is a plain mathematical calculation, as where the apportionment is made by the front foot rule or according to area, and no discretion is left to the officers, a notice seems not to be essential to the validity of the assessment and levy," unless the statute require a notice. For this proposition are cited the cases of *Hager* v. *Reclamation Dist.*, 111 U. S. 701 and *Shumate* v. *Heman*, 181 *Id.* 402, and other cases. Our Code in ch. 47, §34, authorizes such paving and fixes the front foot rule as the one to be observed in the assessment, and we see such rule is not repugnant to the federal constitution. The assessment conforms to this rule. Thus we hold that this assessment is not void under either of the constitutions for want of notice.

As said above this injunction went to restrain the prosecution of regular suits in the circuit court to enforce these assessments. Of course, the injunction would be untenable in that feature even if the assessment were unconstitutional, because the circuit court would have jurisdiction to pass on the question, and the party would have his day in court and could not say that he had no hearing and that the proceeding was without due process. The plaintiffs could not thus deprive a court of general jurisdiction the benefit of that jurisdiction.

Our conclusion is to affirm the decree.

*Affirmed.*