# CHARLESTON.

## City of Avis v. N. W. Allen.

Submitted April 15, 1919.   Decided April 22, 1919.

1. MUNICIPAL CORPORATIONS—*Ordinances—Passage—Identification of Ordinance.*

   In determining whether an ordinance found upon the records of a municipal corporation is sufficiently identified to make it one of the legislative acts of the municipality, the subject-matter of the ordinance, the form of the record, and the purpose sought to be accomplished will all be considered, and where the object to be attained is one which will be, in the ordinary course of affairs, fully accomplished within a relatively short time, the same strictness in identifying such a record as one of the ordinances of said city will not be required as is demanded where the ordinance sought to be established provides a permanent rule or law of general application.   (p 792).

2. SAME.

   Where the common council of a municipal corporation, for the purpose of keeping a record of its proceedings, provides two books, in one of which is entered its acts or proceedings except the ordinances passed by it, and in the other of which is entered all ordinances passed by the council, a paper without date, purporting to be an ordinance, found pasted in such ordinance book, without being signed by either the mayor or the recorder of such city, which provides for the paving of certain streets of said city by name, and refers to a certain contract having been let for the paving of said streets, is sufficiently identified as an ordinance of said city by a minute in the other record books kept by the council showing the passage upon a certain day of such an ordinance for the paving of the particular streets therein named, and by the contract therein referred to.   (p. 792).

3. SAME—*Public Improvements—Paving Ordinance—Necessity of Request by Property Owners.*

   Under the provision of § 34 of ch. 47 of the Code, a city council has no authority to pass an ordinance providing for the paving of one of the streets of said city, and the assessment of two thirds of the cost thereof against the property abutting upon such street, until a petition in writing of the persons owning the greater amount of frontage of the lots abutting on both sides of such street between any two cross-streets, or between a cross-street and an alley, has been presented to said council requesting that such improvement be made.   (p. 792).

4. SAME—*Acts of City Council—Collateral Attack.*

Where, from the record of a municipal corporation, it appears that the council found to exist the facts necessary to confer upon it power to act in a particular case, such finding cannot be questioned collaterally. (p 794).

5. SAME—*Public Improvements—Jurisdictional Findings—Collateral Attack.*

Where a city council, acting under the provisions of § 34 of ch. 47 of the Code, shows by its record that it finds as a fact that certain persons named in said record signed a petition requesting the paving of a certain street in said town, and that the property owned by such persons is the greater amount of the front feet of the property abutting upon said street, such finding is conclusive, and cannot be questioned in a suit brought for the purpose of collecting the assessment. (p 794).

6. SAME—*Public Improvements—Protests—Waiver.*

Where the owner of property abutting upon a street which is being paved knows that it is the purpose to assess his property with a part of the cost of such paving, and also knows of facts which, according to his contention, would render it improper or unlawful to make an assessment against him, if he would avail himself thereof, he must bring a suit to test the question of the validity of the proceedings before the work is done. If he does not do this he will be deemed to have waived any right he may have had to question the validity of an assessment made against his property because of matters within his knowledge before the construction of the work. (p. 795).

7. SAME—*Paving Improvements—Apportionment of Costs—Notice.*

An assessment by a city upon lot owners of part of the cost of paving a street is not invalid because the assessment is determined by apportioning such part of such cost among the abutting owners in proportion to the number of front feet of their respective lots abutting on such street, or because there was no notice of such assessment to the owners of abutting lots. (p. 796).

8. SAME—*Public Improvements—Determination of Costs.*

Where a city council acting under the authority of the provisions of a charter granted to it by a circuit court, under the provisions of ch. 47 of the Code, passes an ordinance in accordance with the provisions of § 34 of said chapter, providing for the paving of a certain street of said town, and the assessment of two-thirds of the cost of such paving against the abutting property owners in the manner provided by said section, there is no necessity for a further ordinance, after the work is completed, to determine the amount of such cost chargeable to each piece of prop-

erty, inasmuch as such determination involves no legislative or judicial action, but is purely ministerial, involving only a mathematical calculation.   (p. 797).

Error to Circuit Court, Summers County.

Action by the City of Avis against N. W. Allen.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Thos. N. Read* and *R. F. Dunlap,* for plaintiff in error.
*E. C. Eagle,* for defendant in error.

Ritz, Judge:

In the year 1910 certain of the citizens of the city of Avis petitioned the common council to pave certain of the streets. The council had an estimate made of the cost of doing such work, and from this estimate it appeared that it would require, in addition to the funds already available, about the sum of ten thousand dollars to pay the part of the cost of such work that would have to be borne by the city.   For the purpose of providing this fund an ordinance was adopted submitting to the vote of the people the question of the issuance and sale of ten thousand dollars of bonds.   This ordinance was duly ratified at an election held for the purpose, and the bonds issued and sold.   The city of Avis was existing at that time as a municipal corporation under and by virtue of a charter granted to it by the circuit court of Summers county, under the provisions of ch. 47 of the Code, and it was determined to do this paving under the provisions of § 34 of that chapter.   Certain petitions were filed with the council purporting to be by the owners of property abutting the upon certain streets between certain of the cross streets, requesting that such streets be paved under the provisions of that section.   After these petitions were filed the council passed an ordinance in which it is recited, in reference to each block proposed to be paved, that certain of the owners of property within said block, whose names are set out in the ordinance, had petitioned for the paving of such street, and further reciting and finding that the property owned by the petitioners was the greater amount of frontage of the

lots abutting on each of such streets, and further determining that it was for the public good to pave said streets, and then ordaining that each of said streets be paved with a designated kind of material, of a designated width, and that two-thirds of the cost thereof be assessed against the abutting property owners, in accordance with the provisions of § 34 of ch. 47 of the Code. The ordinance further approved a contract which had theretofore been awarded to a certain contracting firm for the doing of this paving. The defendant in this case was the owner of two lots each abutting fifty feet upon one of the streets so paved. He did not sign the petition asking for the paving. The work was done under the contract aforesaid, and when completed it is shown that the paving committee of said city ascertained the cost of the paving of each street between the respective cross streets, and ascertained and reported to the council the proportionate part of such cost properly assessible and chargeable against each of the property owners, upon the basis of the frontage owned by them upon each of said streets, and it is shown that when this report was made to the council it was regularly adopted and approved, but no minute thereof was entered upon its record. Upon the adoption and approval of this report certificates were issued and signed by the mayor and recorder reciting the fact of the approval of the assessments by an ordinance passed on the date which the certificate bears, and certifying that the amount named in the certificate was found to be due from the party against whom the same is made on account of said paving so done as aforesaid. One of such certificates was issued against the defendant because of the lots owned by him abutting on one of said paved streets as aforesaid. He refused to pay the same, and this suit was brought before a justice of the peace to enforce the collection thereof. Upon appeal to the circuit court of Summers county a trial of the case resulted in a verdict and judgment against him in favor of the city for the amount of such assessment, and from that judgment he prosecutes this writ of error.

The first and most serious contention of the defendant is that the ordinance providing for the paving has not been

proved. It seems that the council of the city of Avis kept
two books within which it made minutes or records of its
proceedings. One was a book in which minutes were kept
of the action taken by the council at its meetings, and the
other a book in which were recorded ordinances passed by
the council. At the meeting of the council held on the 12th
day of June, 1911, at which it is contended this paving or-
dinance was passed, the minute book shows that an ordinance
providing for the paving of certain of the streets, being the
streets that were paved, was presented and was passed, but
the ordinance is not spread at length upon this minute book.
In the ordinance book is found the ordinance written out on
separate sheets of paper and pasted in the book. There is
no date on it in the ordinance book, nor is it identified by
the signature of the mayor or the recorder, and it is con-
tended that it is entirely invalid because of the fact that it
is not recorded in the book, but is simply pasted therein,
and because of the fact that it is not identified so that it
certainly appears to be the ordinance adopted by the council.
It was held in *Hager* v. *Melton,* 66 W. Va. 62, that an ordin-
ance providing for the paving and improvement of streets,
and assessment of the cost thereof against abutting property
owners, recorded by being pasted in the book kept for the
purpose instead of being transcribed therein, was sufficiently
recorded. The holding in that case is that what is sufficient
for recordation in a particular case must be determined in
the light of the subject-matter, the form of the record, and the
instrumentalities by which it is effected, and that when it
appears that the purpose to be sought is to be accomplished
within a relatively short time, a record of a less permanent
nature than is ordinarily required for the recordation of per-
manent rules or laws may be sufficient. The signature of the
mayor and recorder to this ordinance is not at all necessary
to its validity. Dillon on Municipal Corporations, § 607. It is
true such records are usually authenticated in that way. This
is for the purpose of identifying them as records of the city.
Ordinarily where ordinances are recorded in a separate book
from the minutes of the council showing their passage, some
entry is made indicating what they are and when they were

passed, and this entry authenticated by the proper officers of the city. This is done for the purpose of identification. Such requirements are not mandatory, and a failure in that regard will not avoid the ordinance, provided it can be identified from the city's records as an ordinance duly passed by the council. In this case the position of this ordinance in the ordinance book indicates that it was the ordinance referred to in the minutes showing the passage of such an ordinance by the council at its meeting on June 12, 1911. The reference in it to the names of the property owners who filed petitions asking for the paving of these streets identifies it as the ordinance passed at that time, for these are the same streets referred to in the council's minute. As was held in the case of *Hager* v. *Melton,* the same strictness will not be required in the recordation of those ordinances, the purpose of which is ordinarily completely fulfilled in a relatively short time, as is required in the recordation of permanent rules or laws of a municipality, and this applies as well to the means of identifying the ordinance as it does to the method of their recordation. It is quite patent that the purpose sought to be accomplished by this ordinance would ordinarily be completely fulfilled and the ordinance be a nullity, so far as it would have any effect upon the persons or property of the municipality, within a short time after its enactment. The memory of the people doing the work and of the citizens affected thereby will always be available to aid the officers during its entire life, and where this is so we cannot say that the ordinance would be void because it cannot be as certainly identified from the evidence contained in the record as is ordinarily required for the identification of the permanent rules and laws enacted for the government of the city.

It is further contended by the defendant that the finding of the council, in the ordinance above referred to, that the persons owning the greater amount of frontage of the lots abutting upon said street had petitioned for the paving thereof is false, his contention being that two of the parties who are recited in the ordinance as having signed the petition for the paving of the street did not sign it at all, and

that when the frontage owned by these two parties is not included in the amount owned by the other petitioners, it does not make a majority of the frontage, but if this frontage is included, then the persons owning the greater amount of the frontage did petition for the paving of the street. The court in the trial of this case submitted the question of fact to the jury as to whether or not these two property owners had signed the petition,, and he made the recovery dependent upon the finding of the jury in this regard, and of course the jury having found in favor of the plaintiff, it necessarily found that the petition was signed by these parties. This was much more favorable to the defendant than he had any right to expect. The council of the city of Avis is a tribunal of limited jurisdiction, but notwithstanding this fact its actions and judgments within the powers conferred upon it are as conclusive and binding upon all parties as the judgments of courts or bodies of general jurisdiction. This council under the provision of § 34 of ch. 47 of the Code had the power and authority to pass an ordinance providing for the paving of the street in question, upon the filing of a petition signed by the owners of the greater amount of the frontage upon said street. The filing of this petition was necessary to confer jurisdiction upon the council. The determination of the council that certain people named in the ordinance had signed said petition was a finding of the facts necessary to confer the jurisdiction. This finding could not be questioned collaterally, and the court should not have submitted that question to the jury. It was not open to attack in this collateral way. *Shank* v. *Town of Ravenswood,* 43 W .Va. 242.

There is another reason why the defendant cannot attack the ordinance because of the matters he now 'attempts to set up against its validity. These matters, as before stated, do not affect the constitutional right or power of the council to do the thing which it did, but only challenge the validity of the act because of the manner in which it was done, because of failure to observe some of the formalities ordinarily attending the doing of such acts. It is shown that the defendant lived upon this street during all of the time that the work.

was being done. He admits that he was there when it began, that he was present practically every day during all of the time it was being carried on, and he knew that it was proposed to assess him with one-third of the cost of doing the paving in front of his property, but he took no steps whatever to prevent the doing of the work before the money had been spent and the paving accomplished. With full knowledge of the things which he now complains makes the assessment invalid, he stood by and without making any claim that such an assessment would be invalid because thereof, or taking any steps to prevent what he now claims was an unlawful expenditure of the city's money, allowed the work to go on, money to be spent and benefits accrue to his property, and undertakes, after all this is done, to set up as a defense to the assessment for these benefits, alleged failures of the municipal authorities to comply with some of the requirements of the law. This he cannot do. We held in the case of *Damron* v. *City of Huntington*, 82 W. Va. 401, 96 S. E. 53, that the owner of property abutting on a street, who knows that the same is being improved, and that it is the purpose to charge him with a special assessment because of such improvement, knowing of facts which he contends would make the doing of such work improper and illegal, cannot avail himself thereof to defeat an assessment made for the improvement unless he takes steps to enjoin or stop the construction of the work before the money is spent. If he lies by and allows the public authorities to spend the money with full knowledge of their purpose, he will be estopped to set up as a defense against an assessment upon his property for such improvements matters of which he had knowledge before the work was done and the money spent.

The defendant further contends that he had no notice of the passage of the ordinance providing for the paving of these streets and the assessment of part of the cost thereof against the abutting property, nor did he have notice, according to his contention, of the adoption by the council of the report of the paving committee showing the amount to be charged against each separate property owner. The statute

does not require notice to him. The assessment made in this case is not upon the basis of the peculiar benefits derived to each lot, but is upon the basis of the frontage of each lot upon the street improved, and as was held in the case of *Heavner* v. *City of Elkins*, 69 W. Va. 255, such an assessment is not void because based upon the number of front feet of lots abutting on the street, or because no notice of such assessment is given to the lot owner. The mayor of the town, however, testifies that he did serve notice in writing upon the defendant, as well as others owning property abutting upon the streets proposed to be paved, that the council would.at a certain time consider the ordinance providing for said paving. The defendant denies that such notice was ever served upon him. The trial court submitted this question to the jury, and the jury found by their verdict that such written notice was actually given the defendant. This was placing upon the plaintiff a heavier burden than it was required to bear, but the defendant cannot complain of that.

Another contention is that the assessment is void for the reason that there is no record upon the council's minutes showing the cost of the paving and the amount chargeable to the owner of each piece of property abutting upon the street. The mayor of the town testifies that a report was made to the council after the paving was completed showing the cost of the paving of each street, and the amount of such cost properly chargeable to each abutting lot owner, and that this report was adopted by the council by an ordinance, but it appears that the recorder of the town, who is a brother of the defendant. failed for some reason to enter this ordinance upon any of the record books of the city. Pursuant to this, however, a certificate was issued, signed by the mayor and by the recorder, certifying the amount which the council assessed by this ordinance against the defendant, and also certifying in the certificate the passage of the ordinance. The contention is that the action of the council cannot be proved by parol, and that without some action upon the part of the council fixing the amount to be charged against the defendant there could be no valid assessment. We do not think such is

the case. The ordinance providing for the having, as well as the law under which it was enacted, provides for an assessment against the abutting property owners for two-thirds of the cost of such paving, one-third to be borne by the property abutting on each side of the street proposed to be paved. In this case the ordinance shows that the contract had been let for the work, and also shows the width of the street to be paved, and all in the world the defendant had to do to find out how much the assessment against him would be was to ascertain from the contract one-third of the cost of paving the street of the width proposed in front of his property, at the price provided therefor by the contract. He could do this as well before the paving was done as he could afterward. The ascertainment of the amount to be charged against the defendant's property was mere mathematical calculation which required no judicial or legislative action upon the part of the council. All action of this character which the council had to perform had been performed when the ordinance was passed and the contract let. In the case of *City of Bluefield* v. *McClaugherty,* 64 W. Va. 536, it was held that where an attempt was made to collect from an abutting property owner the cost of laying a sidewalk, no formal assessment of the cost of laying such walk evidenced by a city record need be shown, such assessment being ministerial and having no judicial force under the statutes of this state, or the charter of said city. And so we say here that the ascertainment of the amount to be charged against the defendant involved nothing but a ministerial act, a mere matter of calculation, and it was not necessary in order to recovery in this case, that it be proved that the council had made any record thereof. It was proved in this case that the council had determined the amount to be assessed, and that the amount shown by the certificate was this amount. This was the manner resorted to by the city to prove the amount to which the city was entitled, and in the absence of anything to the contrary the evidence was sufficient upon which to base the jury's verdict.

We find no error in the judgment prejudicial to the defendant and the same is affirmed.      *Affirmed.*