# CHARLESTON.

W. H. SLEETH *et al* v. CITY OF ELKINS.

Submitted February 8, 1921.     Decided February 22, 1921.

1.  MUNICIPAL CORPORATIONS—*Owner May Enjoin Building New Sidewalk, Where Permanent Walk Already Built.*

    The owner of a city lot of land who has been ordered, by the proper muncipal authorities by ordinance properly passed and notice duly served, to lay a sidewalk along his lot within a specified time, or failing to do so the same will be done by the city at his cost and charged against his lot and collected as other city taxes are collected, and he has already laid a permanent sidewalk, which is still in good condition, in front of his lot on a street grade formerly established by the city; and the charter and city ordinances provide that where a new sidewalk is ordered by the city on a new grade, to take the place of an old sidewalk on an old grade, the cost thereof shall be borne by the city, and not by special assessment

against the abutting property, may invoke equity to prevent the city from laying the new sidewalk at his cost, and to prevent the lien from attaching to his property. (p. 754).

2.  SAME—*Owner May Before Work Done Test Validity of Proceedings for New Sidewalk to Replace Old One.*

Under such circumstances, and knowing it would be improper or unlawful to make such special assessment against his property for such costs, he may bring suit to test the question of the validity of the proceedings before the work is done. (p. 754).

Certified from Circuit Court, Randolph County.

Suit by W. H. Sleeth and others against the City of Elkins for an injunction. Temporary injunction awarded, demurrer and motion to dissolve overruled, and questions certified.

*Affirmed.*

*B. W. Taylor* and *R. H. Allen,* for plaintiffs.
*Samuel T. Spears,* for defendant.

LIVELY, JUDGE:

W. H. Sleeth and forty-four other persons, all residents of the city of Elkins in Randolph County and owners of real estate therein abutting on the streets of that city, presented their bill for injunction against the city of Elkins to the Judge of the Circuit Court of that county on September 1, 1920, alleging, substantially, that they were such residents and owners of real estate similarly situated, and were aggrieved by orders of the city council, which had required them to tear up and abandon the brick sidewalks in front of their lots and dwellings on certain streets and to construct in lieu thereof cement sidewalks; that in pursuance of an order to that effect, passed by the council on May 26, 1920, notices were served on the plaintiffs to construct cement sidewalks within 30 days, or the city would do so and the cost thereof would be charged against their abutting property and collected as other city taxes are collected; that upon petition signed by a number of the plaintiffs, presented to the council, asking for a rescission of the order, the council deferred action until the city engineer could make an examination of the sidewalks in question and report thereon, which report was filed on July 2, 1920, when the council again ordered the cement

sidewalks to be laid, and notices to be sent to the property owners; that notice had never been served on them in pursuance of this order, but that the first notice had been served; that later, on August 19, 1920, the council advertised for bids for the construction of said sidewalks, and were proceeding to have the sidewalks put down at plaintiffs' expense. Plaintiffs charge, substantially, that the city is without authority to order their permanent brick sidewalks, in good condition and repair, to be torn up and destroyed and new walks of cement put down at their expense, in order to satisfy a whim or caprice of the members of the council; but if such authority is invested in the council, then its exercise has been unreasonable and arbitrary, is an abuse of power, and amounts to a confiscation of plaintiff's property. Sec. 1 of chap. 20 of the charter of the city is as follows: "It shall be the duty of all persons who are the owners of land or lots which front upon a street or streets which are maintained and kept by the city, to put down and keep in good repair a suitable side walk or foot walk along the entire part of such land or lot which fronts upon any such street, and when in the opinion of the council, it has become necessary to repave the same, in such manner, of such width, and of such suitable material, as the Council might direct, provided, however, that before any permanent side walk or foot walk is laid, it shall be the duty of the city engineer, to fix the grade of such sidewalk and said walk shall be laid in conformity to such grade, and should the city, after said walk is laid, change the grade, the cost of laying a new walk to conform to said changed grade, made necessary by reason of said change of grade, shall be paid by the city, as well as all damages the owner of the land or lot may sustain by reason of said change of grade." The bill charges that all the brick walks ordered to be torn up have been heretofore laid upon grades established by the city engineer, and that new grades were being established by the city higher than the former grade, which if done and the new cement sidewalks laid thereon, would greatly damage complainants, and that the city is attempting to compel plaintiffs to lay the new walks on the new grades and pay for the same, notwithstanding it is the duty of the city to bear all the expense and pay all the damage. They further charge that the city has not proceed-

ed, in accordance with the requirements of its charter, to compel plaintiffs to lay these sidewalks, and exhibit all of the orders and proceedings of the council in relation thereto. The bill avers that it is impossible for plaintiffs to comply with the requirements of the city because it is impossible for them to purchase cement by reason of its scarcity and exorbitant market price; and that if the council is permitted to proceed in its avowed course, plaintiffs will suffer irreparable damage and injury; and prays for an injunction. A temporary injunction was awarded. A demurrer was interposed to this bill, was overruled, and a motion to dissolve the temporary injunction, granted in vacation, was also overruled on Nov. 18, 1920, when the judge certified the following questions to this court:

1. Whether equity has jurisdiction to entertain this suit under the points raised by the demurrer to the effect that there is no jurisdiction to enjoin the City from advertising and letting contract to tear up and rebuild the walks in question under the general powers of the City to reconstruct the walks and pay for same out of general taxes, and that equity could have no jurisdiction until the City attempted to collect or at least levy the special assessment for the cost of said construction.

2. Whether equity has jurisdiction to entertain this suit under the points raised by the demurrer to the effect that there is no jurisdiction to enjoin the city from advertising and letting contracts to tear up and rebuild the walks in question under the general powers of the city to reconstruct walks and pay for the same out of general taxes in the first instance, and thereupon levy the cost thereof as a special assessment against the abutting property, and that equity could have no jurisdiction until the city attempted to collect, or at least, levy, the special assessment for the cost of said construction.

3. Whether, under the charter of the city of Elkins, the defendant can compel the plaintiff to tear up the brick sidewalks which have already been laid pursuant to a former ordinance of said City, and replace the same by a cement walk under a new ordinance.

4. Whether the City of Elkins, after first having estab-

87 W. Va.

lished grades for sidewalks, and the same have been laid pursuant to ordinance, can now establish a different grade, raising the walk in front of some lots and lowering it in front of others, and compel the lot owners to lay a new walk on the new grade.

The first two questions are answered in the affirmative by this court in the cases of *City of Avis* v. *Allen*, 83 W. Va. 789; and *Damron* v. *City of Huntington*, 82 W. Va. 401. These plaintiffs were served with notice to lay the cement sidewalks within 30 days, or failing to do so, the city would lay the same at the expense of the plaintiffs, to be charged against their abutting land and collected as other city taxes were collected. Should these plaintiffs stand by and wait until the work had been done, afterwards claiming that it was illegally done, and that it was unlawful to charge their property with the cost thereof, they might have waived their right to question the validity of the assessment when made. Knowing facts which would make the assessment illegal, and then permitting the work to be done, might estop them from preventing the assessment or paying the money. *Avis* v. *Allen, supra; Werninger* v. *Stephenson*, 82 W. Va. 367. It is not in all cases that an abutting land owner would be estopped from suit even after the special assessment is laid. If the proceedings were void then he would not be; but if irregular or voidable only, he would be estopped. *Moundsville* v. *Yost*, 75 W. Va. 224.

Injunction is the proper remedy. 28 Cyc. 1014. "An injunction lies against a municipality to enjoin the removal by it of a brick sidewalk where it appears that to permit the performance of such act would be to allow a breach of trust and an abuse of power sought to be exercised in bad faith to the wanton injury of the rights and property of individuals." 120 Ill. Ap. 70.

Certified questions 3 and 4 are in part answered by sec. 1 of chap. 20 of the charter and ordinances of the city of Elkins. There can be no question of the broad powers of the city to order the sidewalks to be paved or repaved and kept in order, and to be constructed in such manner and of such material as in the judgment of the council are most suitable, and for the best

interests of the inhabitants of the city. Neither is there any doubt of the power of the city to establish and change grades, order paving, sewering and the like. The city charter expressly gives these broad powers, and they are usual and necessary in municipal government. The courts will not usually interfere with the discretion and authority vested in municipal officers for the exercise of these necessary functions, unless it is clear that there is an arbitrary abuse of power to the irreparable damage of private rights. The city of Elkins can, by ordinance, change the grade of the streets in front of the property of these plaintiffs and provide for the laying down of new sidewalks, but under the allegations of the bill to the effect that the grade has heretofore been established and the sidewalks laid down in accordance with that established grade, in good faith, by the property owners, it is incumbent upon the city to pay the cost of laying the new sidewalk to conform with the changed grade, as well as the damages to the lot owners caused by such change, as provided in said sec. 1, chap. 20 of the city's charter and ordinances. It appears from the bill and exhibits, especially exhibit No. 1, that the city is attempting to assess and collect from the abutting land owners all of the cost of laying the contemplated new cement sidewalks. The allegations of the bill, which on demurrer are admitted to be true, aver that no necessity for the new sidewalks exist; that it is impossible at this time to comply with the notice and demand; that the ordinance has been induced by whim and caprice of some members of the council, and irreparable loss will be sustained by plaintiffs, if they are compelled to comply. These allegations would be sufficient for an injunction, as the record now stands, and, if sustained by sufficient evidence, would likely perpetuate the injunction. It is estimated by counsel that there is no basis for these charges and that the sidewalks are old and out of repair and a necessity exists for those ordered by the council to be laid. We cannot anticipate the evidence. Whether or not the city can cause these sidewalks to be torn up, is largely a question of the facts as they exist. We do not think it can do so if the facts are as they appear from this bill.

While the regularity and sufficiency of the ordinances and proceedings of the city council with reference to these side-

walks is raised in the pleadings, it is not included in the questions certified, and we do not discuss it, for that reason, except to say that there seems to have been a substantial compliance with the requirements of the charter. The ordinances were regularly passed and recorded, and, although no notice was given to plaintiffs of the action of the council on July 2nd, requiring them to lay their sidewalks within thirty days, notice had been previously served on them to the same effect, they had appeared before the council, petitioned against its action, and seemed to be fully cognizant of all steps taken by the council thereafter, as appears from the bill. One notice is all the charter seems to require.

We sustain the action of the lower court in overruling the demurrer.

*Affirmed.*