## CHARLESTON.

THE CITY OF MANNINGTON v. M. F. HAMILTON et al.

### (No. 5948)

Submitted November 22, 1927.    Decided November 19, 1927.

MUNICIPALITIES—*Where Procedure to be Followed by City in Exercise of Power to Pave Streets is Prescribed in The Grant Thereof and no Express Direction Included Therein for its Initiation, But Charter Contains General Provision That Board of Commissioners is Invested With Legislative Authority to be Exercised by Ordinance, Other Action to be by Order Providing for Certain Paving Amounts to a Substantial Compliance With Charter Provisions.*

Where the procedure to be followed by a city in the exercise of its power to pave streets is prescribed in the grant thereof, and no express direction is included therein for its initiation, but the charter contains a general provision elsewhere that "the board of commissioners shall be vested with all legislative authority of the city and shall exercise the same by ordinance; other action by them may be by order upon motion", an order providing for certain paving, adopted by the board of commissioners of such city and complying in all other respects with the provisions of the charter, amounts to a substantial compliance with such charter provision.

Appeal from Circuit Court, Marion County.

Suit by City of Mannington against M. F. Hamilton and others. Decree for appellees and appellant appeals.

*Reversed and remanded.*

*William S. Haymond, Frank C. Haymond* and *H. Clare Hess,* for appellant.

*C. A. Snodgrass* and *Kenna K. Snodgrass,* for appellees.

WOODS, JUDGE:

The City of Mannington complains of the action of the circuit court of Marion county in dismissing its bill seeking to. enforce a paving lien against the property of the defendant.

The paving was done by virtue of Section 42 of the Charter of Mannington (Acts 1921, Chap. 13), which provides that the board. of commissioners "shall have authority to provide that any street or alley * * * shall be macadamized, or paved with bricks, cobblestones or other suitable material, upon the lowest and best terms obtainable", and that "the whole cost * * * shall be assessed to the owners of the land or lots or fractional parts of lots, fronting or abutting on such street or alley, that is to say, the property owners on each side of said street or alley to be assessed one-third each and the city one-third of the costs of said improvements, to each property owner a sum proportionate to the distance, or extent in feet by him owned, and one-third of the sum so assessed shall be paid to the city by each property owner within thirty days after the completion of the work and the remainder in two equal installments of six and twelve months thereafter with interest thereon, or at such other times as the board of commissioners may prescribe," etc.   This abrogated an ordinance in existence prior to the charter's adoption, requiring a petition of a certain number of abutting owners as a prerequisite. The section then sets out that after said improvements have been made the commissioners shall cause a notice to be published for one week in a local paper, showing the owners of the property, the number of feet fronting on the improvements, the time and place the board will proceed to fix the assessment, and providing for a hearing of the property owners in regard thereto.   The power of the city to pave under this section is admitted.

The question before us is:   Did the city proceed in the manner outlined by its charter?   The sole defense made is that the exercise of the legislative power of the city must be by ordinance duly enacted, and that there was in fact no such ordinance enacted carrying into effect the power delegated to the city in relation to the paving of its streets.   We have held that an order or resolution, adopted by the council and

entered on its records, was, in point of form, a valid exercise of the power, where the powers conferred were to be exercised by ordinance. *Johnson* v. *City of Huntington,* 71 W. Va. 106. Even a departure from the form prescribed for corporate action, as in the passage of an ordinance will not affect the validity of such action unless the charter or governing law makes such formality vital, as by declaring the action or ordinance void unless the form prescribed be followed. *City of Bluefield* v. *Johnson,* 68 W. Va. 303; McQuillin on Mun. Corp. §116. The charter under consideration contains no such declaration. Neither does it contain any specific provision as to the manner of the enactment of an ordinance.

The chief reason for the use of an ordinance is that it serves to inform the public the manner in which any power granted the city by charter is to be exercised. In the case here it is seen that not only the power is bestowed by Section 42, but it departs from the usual form of the ordinary charter and incorporates in broadest terms the procedure *in extenso* for the exercise of such power relative to the making of the improvements and the levying of assessments thereunder. This power *can be exercised in no other way,* when exercised at all, than therein set out. In each case it seems that, when put in motion by any proper councilmanic action, it becomes in fact an ordinance within itself. The city cannot pave its streets in any other way than therein provided. Section 12, of the charter, provides: "The board of commissioners shall be vested with all legislative authority of the city and shall exercise the same by ordinance; *other action by them may be by order upon motion.*" So, may we not conclude that under the peculiar provisions of Section 42 that appropriate action here would come under the head of "other action", mentioned in the last mentioned section, that may be exercised by order upon motion? Is there any provision in the charter preventing such construction? We find but two conditions which must be complied with in order to validate their actions. Section 39 of the charter provides: "No ordinance or by-law, and no resolution or measure for the expenditure of money other than to defray the current expenses and incidental expenses of the city, shall be deemed adopted or passed

unless it shall have been fully read at two consecutive meetings of the board of commissioners, and shall have received a majority of the votes of all members of the board of commissioners, when it shall stand and be declared adopted, and not otherwise,'' etc.   The record shows that on July 20th, 1921, the board met and considered the paving, and that a committee was authorized to confer with the engineer in regard to making a survey; on August 1st, the solicitor was instructed to prepare the proper notice, to be advertised in the local paper, for bids; on August 6th, bids were filed; on August 8th, the bids were laid over for investigation and comparison; on August 15th, bids were taken up for consideration, and the paving contract was on motion duly let to the lowest responsible bidder.

The foregoing acts of the council, appearing on its records, constituted full notice to the inhabitants of the city affected by its proposed action, not only that certain streets were to be paved, but that it was being done according to the comprehensive plan outlined in the charter.   After the work was completed, the required notice was published, showing the owners of the property, the number of feet fronting on the improvement, together with the time and place the board would proceed to fix the assessment, and that any person having an interest in said property should appear before them and show cause, if any they could, why the assessment should not be made, etc.   See Sec. 42, Charter.   Defendant and others appeared at this time and had a re-measurement made. The act of the majority of the board, and all acts in connection with the paving and assessment were considered and adopted in meetings of the board properly held in which a majority or all the commissioners were present and favored such action as was taken.   As already adverted to, there is no provision in the charter providing that failure to proceed by some authorized method shall render the action void.   Under our decisions, a great latitude is allowed in the board's actions.   While their acts were not as formal as we would like, yet we are of opinion that they constituted a substantial compliance with the charter, and are of binding force on the defendant.

But, even if the form of procedure adopted had been irregular, the defendant cannot complain, as he seeks to do in his defense to this suit, after the work has been completed. He stood by and accepted the benefits arising from the expenditure of money necessary to pave and improve the street in front of his property. He must test the question of the validity of the city's action before the work is done. He is estopped to set up as a defense in this suit, against an assessment upon his property for such improvement, matters of which he had knowledge before the work was done and the money spent. *Damron* v. *City of Huntington,* 82 W. Va. 401; *Werninger* v. *Stephenson,* 82 W. Va. 367; *City of Avis* v. *Allen,* 83 W. Va. 789; *Sleeth* v. *City of Elkins,* 87 W. Va. 750; *Gallaher* v. *Engineering Company,* 101 W. Va. 110.

We therefore reverse the decree of the circuit court and remand the cause for further proceedings to be had therein according to the principles stated and directions given in this opinion.

*Reversed and remanded.*