HERBERT C. HELLER & COMPANY *v.* KANAWHA & MICHIGAN RAILWAY COMPANY *et al.*

(No. 7216)

Submitted May 4, 1932.   Decided May 17, 1932

(Rehearing denied July 21, 1932)

*H. W. Bowers, Marcum, Lovins & Gibson,* and *Poffenbarger & Poffenbarger,* for appellant.

*Leroy Allebach,* for appellee Kanawha & M. Ry. Co.

MAXWELL, JUDGE:

This is a suit on a street paving assessment certificate for $14,480.96 with interest from December 21, 1928, issued by the city of Dunbar to Luici Lemma, construction contractor, against the property of the Kanawha & Michigan Railway Company, defendant. Lemma assigned the certificate to Herbert C. Heller & Company, plaintiff. From a decree of the circuit court of Kanawha County discharging the defendant from liability under said certificate, the plaintiff appeals.

The controversy arises from the paving of Dunbar Avenue which extends in an easterly and westerly direction through the city of Dunbar. The avenue parallels the right of way of the defendant. There is a very interesting question

whether the defendant's right of way abuts the avenue or whether the seventeen-foot right of way of Charleston-Dunbar Traction Company lies between the avenue and the defendant's right of way. Another question is whether a railroad right of way can be subjected to the lien of a paving assessment and the railroad company held liable to a personal judgment for the amount of such assessment. These will not be discussed, however, inasmuch as we have reached a decision adverse to the claimant on a jurisdictional matter.

The defendant owns its right of way in fee but does not occupy nor use the same. The New York Central Railroad Company, lessee of the defendant, uses and occupies the right of way. In June, 1928, when the council of the city of Dunbar was taking initial steps with reference to the proposed paving of Dunbar Avenue, it considered the New York Central the owner of the right of way. In a published notice it was named as a property owner to be affected by the proposed work. The Kanawha & Michigan was not so named. There was no formal service of notice upon any officer or agent of either of the railway companies. After the contract had been awarded him but before he had begun work, the contractor addressed a letter to the New York Central Railroad Company, attention its local attorney, advising it that the contract had been awarded; that he (Lemma) would proceed promptly with the work unless prevented by injunction or other appropriate proceeding. The attorney replied, informing the contractor that both the Kanawha & Michigan Railway Company and the New York Central Railroad Company would deny liability for cost of paving Dunbar Avenue and resist payment of any assessment that might be made by reason thereof.

The paving having been completed in the late fall of 1928, assessment certificates were issued by the council of the city of Dunbar in December of that year. Thus the matter stood as to the railway companies until the 16th of December, 1929, when the council undertook to correct the assessment by substituting the Kanawha & Michigan Railway Company in the place of the New York Central Railroad Company. This attempt was made upon notice to the defendant and over its

protest. The right of the council to make such change or correction is challenged by the defendant.

Justification for the attempted change of assessment is sought in section 86 of the Dunbar charter (Acts 1921, Municipal Charters, chapter 7, section 86). That section authorizes the council "within two years after any court shall have declared such assessment invalid" to proceed upon notice to lay another assessment for the cost of the improvement "in such manner as would have been lawful under proper proceedings at the time said improvement was made, unless the persons so. notified shall show good cause why the same should not be laid." By reason of the fact that this section authorizes the laying of a corrected assessment only "after any court shall have declared such assessment invalid" the said attempted laying of a new assessment in December, 1929, was wholly without avail, because the original assessment (against New York Central Railroad Company) had not been declared invalid by any court.

It is argued that by reason of the above recited correspondence between the paving contractor and the attorney for the defendant in August, 1928, the defendant must be deemed to have had actual notice of the proposed street improvement, and therefore is estopped from questioning the regularity of the proceedings after the work was actually done and the expense thereof incurred. It will be remembered that at the time of this correspondence all initial proceedings had been completed by the council and the contract for the work had been awarded. We do not perceive on what basis the action of the attorney in said connection could have any other effect than as notice from the defendant to the contractor that the former would contest any effort that might be made to fix responsibility upon it for a proportionate cost of the proposed paving. To give further effect to said correspondence would be to invest it with an unrevealed power of resuscitating a procedure which to that moment had been wholly abortive as to the defendant, because no notice of the proposed assessment had ever been given to it. A void proceeding cannot be revitalized in such informal manner.

The charter of the city of Dunbar requires that there be given to "the owner of each piece of property to be assessed" notice of the council's resolution declaring the necessity of such improvement, a copy of the resolution to be embraced in the notice. Acts 1921 (Municipal Charters) chapter 7, section 64. This is a jurisdictional matter. Lack of notice as to any property owner affected by an assessment renders the proceeding void as to him unless he comes in voluntarily or is estopped by his conduct from challenging the legality of the assessment when laid against his property. Where a property owner has full knowledge that a public improvement is being made adjacent to his property and that it is the plan of the public authorities to subject his property to assessment for its proportionate part of the cost, he cannot remain silent until the expense has been incurred, get the benefit of the improvement, and then deny liability. *Avis* v. *Allen*, 83 W. Va. 789, 99 S. E. 188; *Damron* v. *City of Huntington*, 82 W. Va. 401, 96 S. E. 53. In the instant case, however, there is nothing even tending to show that the city council proposed to lay an assessment on defendant's property, until the fall of 1929, when effort was made to correct the assessment which had been made against the New York Central Railroad Company.

In *Heavner* v. *City of Elkins*, 69 W. Va. 255, 71 S. E. 184, there was upheld the cost of a paving assessment which had been made without notice. But, as appears from the opinion in that case, the assessment was made under a charter which did not require notice. The same is true as to *Avis* v. *Allen, supra*, p. 796. As already noted, however, the Dunbar charter expressly requires notice. On the question of necessity of notice under said charter, see opinion of Judge Lively in the case of *Heller & Co.* v. *Charleston-Dunbar Traction Co.*, decided concurrently herewith.

We affirm the judgment of the trial court.

*Affirmed.*

Upon petition for rehearing:

In its final order the circuit court held "that said paving was not a benefit to said property; and the court is further

of opinion, that upon the several questions of law presented herein, the plaintiff has failed to show that the assessment was legally and lawfully laid, or that paving certificates were legally and lawfully issued against the property of the defendant, * * * and has failed to show that a lien was legally and lawfully perfected against the property of said defendant, and has failed to show that said defendant is indebted to the plaintiff in the sum of $14,480.96, together with interest thereon * * *.''

Being of opinion that the matters hereinabove discussed are determinative of the case on this review, it has not been necessary that we consider the matter of benefits. Independently of that matter, for reasons above set forth, we affirm the trial chancellor's decree dismissing the plaintiff's bill.