SMITH BROTHERS, INC., a Corporation, *Appellant,* v. W. A. WILLIAMS, et al., *Appellees.*

En Banc.

Opinion filed November 25, 1930.

PER CURIAM.—Upon rehearing Mr. Chief Justice TERRELL, Mr. Justice WHITFIELD and Mr. Justice STRUM are of the opinion that the decree in this cause should be reversed, while Mr. Justice ELLIS, Mr. Justice BUFORD and Mr. Justice BROWN are of the opinion that the decree should be affirmed. When the members of the Supreme Court sitting six members in a body and after full consultation, it appears that the members of the Court are perma-

nently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore, it is considered, ordered and adjudged under the authority of State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

*Sutton, Tillman & Reeves, Frank P. Ingram* and *Edwin Brobston,* for Appellants;

*Mabry, Reaves & White, H. D. Wentworth* and *W. F. Himes,* for Appellees.

*Henry E. Williams, C. W. Lawrence, Jr., George C. Bedell, Lucien H. Boggs, Herbert S. Phillips, Shackleford, Ivy, Farrior & Shannon* and *Masslich & Mitchell* (of New York, N. Y.), as *Amici Curiae.*

WHITFIELD, J.—In Moore v. Hillsborough County, 86 Fla. 514, 98 So. R. 505, the constitutionality of Chapter 9316, Acts of 1923, which is similar to Chapter 10145, Acts of 1925, was sustained as against the charges of invalidity made in that case. Acts done under Chapter 9316 were confirmed by Chapter 10139, Acts of 1925, and by Chapter 12207, Acts of 1927. Acts done under Chapter 10145 were confirmed by Chapter 12208, Acts of 1927. Chapters 9316 and 10145 each contains a provision that "before issuing any" assessment certificate, a stated notice shall be published showing the amount of the certificate

proposed to be issued, the general nature of the improvement, the description of the property, and the owner thereof stated in the certificate, and also provides that "anyone having an interest in such property may at any time within thirty days from the giving of such notice appear before the board of county commissioners at any meeting thereof and make any valid objection to the issuance of such certificate or the amount thereof."

The validity of Chapter 9316 was not challenged on grounds that it was an unlawful delegation of the taxing power or that it denied due process of law in not sufficiently providing for a hearing as to the roads to be improved or as to the land to be specially assessed or as to benefits, before the lien for the road improvement attached; and the above quoted and other provisions of the statute did not obviously and patently fail to provide for due process of law, therefore the provisions of the statute not there challenged were not considered in the Moore case. After *the decision* in the Moore case as to the validity of Chapter 9316, assessment certificates were issued under Chapter 10145, Acts of 1925.

When the validity of Chapter 10145 was challenged on specific grounds affecting notice and due process, the court upon a rigid analysis held the statute to be defective in not providing for notice and hearing before the roads to be improved were determined and the assessments made, the statute thereby not affording due process of law to owners of abutting property under the more recent adjudications of the Federal Supreme Court, the controlling authority in the premises.

The purchasers of assessment certificates issued under Chapter 10145 were justified in relying upon the decision in the Moore case as to the validity of a similar statute, at least as against the grounds of illegality stated in that

case. The assessment certificates under Chapter 10145 were not for a purpose that is forbidden by the constitution as were the school bonds issued by a municipality in State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. R. 739, 37 A. L. R. 1298; and the assessment certificates *as issued* under 10145 to *bona fide* holders do not contain provisions in plain violation of the constitution as did the bonds that were *proposed to be* issued in Weinberger v. Board of Public Instruction of St. Johns County, 93 Fla. 470, 112 So. R. 253.

The assessments as made and the certificates as issued under Chapter 10145 have been validated by statute; and in view of the decision in the Moore case upon a similar statute, the validating act, Chapter 12208, should be made effective to render valid the assessment certificates issued for benefits received under Chapter 10145, if it can be legally done.

Where legislation is wholly void because it was enacted in violation of organic commands or requirements, or where all of its provisions are forbidden by organic law, it may not be capable of validation by legislative amendment or by ratification; but where a portion of an enactment is invalid because its terms violate or conflict with organic law, the illegality may be removed by a valid amendment; and where administrative action is taken under a statute without a compliance with its requirements or where a statute authorizes administrative action, such as assessments upon property, without providing for notice and an opportunity to be heard to the owners, a duly enacted statute may amend the defective statute or may validate the administrative assessments if they could have been made by the legislature when they were made by the administrative officers and when the validating statute was enacted, no organic provision being thereby violated.

The court did not hold Chapter 10145 to be wholly null and void; but it is held that the act is inoperative because it does not provide for notice affecting due process of law in requiring special assessments for benefits to be made by administrative officers upon petition. The act could have been amended so as to provide for notice to afford due process, or the legislature may by statute make or ratify the assessments, which latter would make them legislative assessments not requiring notice or hearing to afford due process of law. The legislature has by statute validated the assessments made under Chapter 10145.

Chapter 12208, Acts of 1927, under a sufficient and not misleading title, provides in Section 3, that "all proceedings, acts and things existing, done, had and taken by or under the authority of any Board of County Commissioners of any county having a population of not less than one hundred and twenty-five thousand, according to the census taken by the State of Florida in the year 1925, under said Chapter 10145, for the purpose of carrying out any of the provisions thereof, including all assessments and all certificates of indebtedness, are hereby validated, ratified and confirmed, provided that any suits or actions heretofore brought and now pending, and any valid objections heretofore made and now pending before any such Board of County Commissioners, to assert any rights conferred by said Chapter 10145, shall not be affected by this Act."

The quoted section clearly ratifies and confirms all assessments made and all certificates issued under the authority of any board of county commissioners under Chapter 10145, and the proviso excepts from the validating act assessments or certificates then being litigated or then being validly objected to, so as not to anticipate judicial action in pending controversies under Chapter 10145. It was within the legislative power to make the assessments without notice to the property owners and this was in effect done by the

validating act. Anderson County Road Dist. No. 8 v. Pollard, 116 Tex. 547, 296 So. W. R. 1062; Kansas City Southern R. Co. v. Road Imp. Dist. No. 3 of Sevier County, Ark., 266 U. S. 379, 45 Sup. Ct. R. 136, 69 L. Ed. 335; Wagner v. Leser, 239 U. S. 207, 60 L. Ed. 230, 36 Sup. Ct. R. 66; Hipson v. Taylor, 96 Fla. 109, 117 So. R. 786.

The proviso did not make an arbitrary or oppressive classification of the assessments and certificates that were validated. It was appropriate that controverted assessments and certificates be not validated and it was just that uncontested assessments and certificates should be validated, in so far they may be rendered valid by statutory enactment. The validation has a predicate in obligations for benefits received under legislation, and the proviso indicates legislative knowledge of the subject upon which the validating act operates.

Chapter 12208 did not attempt to validate the unconstitutional provisions of Chapter 10145, but expressly repealed the latter chapter, and validated only the administrative acts done "by or under the authority of" the county commissioners, "under said Chapter 10145," the chapter being mentioned to identify the acts referred to.

Where there is no waiver or estoppel, the *constitutional* validity of *any specific assessment* as made or ratified by the validating statute may be contested if for any reason the particular special assessment denies due process or equal protection of the laws, or otherwise violates organic law.

In County Commissioners of Columbia County v. King, 13 Fla. 451, the statute, Chapter 610, Acts of 1855, challenged as unconstitutional, had been held to be valid in Cotten v. County Commissioners of Leon County, 6 Fla. 610; and this Court in the King case held that the bonds of the county that had been issued under the act "having been issued under the sanction of the highest judicial authority of the state, * * * it is too late to question the

constitutionality of the law and the validity of the bonds in the hands of a *bona fide* holder, and that a judgment of the court now, declaring the law unconstitutional, would not affect the bonds heretofore so issued, but would operate only upon the future.'' See Douglass v. Pike County, 101 U. S. 677, 25 L. Ed. 968; Anderson v. Township of Santa Anna, 116 U. S. 356, 29 L. Ed. 633, 6 Sup. Ct. R. 413.

In State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. R. 739, 37 A. L. R. 1298, the statutory provision under which the bonds were issued had not been judicially held to be constitutional, but such a statute had been adjudged to be unconstitutional in Brown v. City of Lakeland, 61 Fla. 508, 54 So. R. 716; Munroe v. Reeves, 71 Fla. 612, 71 So. R. 922. A statutory validation of the bonds was ineffectual as to the bonds that were issued by a municipality for a purpose that was impliedly forbidden by the Constitution.

In Weinberger v. Board of Public Inst. of St. Johns County, *supra,* the bonds *proposed to be* issued but not yet issued contained material terms that were in violation of an express provision of the State Constitution, and a judicial validation of the *proposed* bonds was ineffectual, in view of the patent violation of an express mandatory provision of the Constitution, the constitutional objection not having been adjudicated.

Where a statute illegally authorizes a tax obligation to be imposed by a board and a statute may itself impose the tax liability, a statute validating the tax obligation may be effectual when organic law is not thereby violated. See State ex rel. Atlantic-Gulf Special Road & Bridge Dist. v. Bass, 96 Fla. 478, 118 So. R. 212.

TERRELL, C. J., AND STRUM, J., concur.

ELLIS, BROWN AND BUFORD, J. J., dissent.