149 So. 494

# BOAGNI v. MAYOR AND BOARD OF ALDERMEN OF CITY OF OPELOUSAS.

No. 32268.

July 7, 1933.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Lawrence B. Sandoz and L. Austin Fontenot, both of Opelousas, for appellees.

LAND, Justice.

On December 15, 1931, the mayor and board of aldermen of the city of Opelousas adopted, under the provisions of Act No. 289 of 1928, an ordinance ordering the graveling of Grolee street, between its intersection with Railroad avenue and the western corporation limits of that city.

On January 9, 1932, plaintiff, as one of the largest taxpayers in the city of Opelousas, instituted the present suit in the thirteenth district court for the parish of St. Landry to have Act No. 289 of 1928 declared unconstitutional, null, and void, and the ordinance of December 15, 1931, adopted thereunder, illegal and of no force and effect, the basis of plaintiff's complaint being the discrepancy between the method provided for by the statute for initiating the work, and that of paying for it. In other words, plaintiff contends that, if the work is to be initiated on the basis of valuation under the statute, it should be paid for on that basis; but, on the other hand, if it is to be paid for on the basis of front footage, as provided by the statute, it should be initiated on a front footage and not a valuation basis.

Plaintiff asserts that the methods provided by the statute for initiating the work and

paying for it are so arbitrary and unrelated as to contravene the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, and the due process clause of section 2 of article 1 of the Constitution of this state.

In order to illustrate clearly the position taken by plaintiff in this case, we quote the following from his brief: "Plaintiff, the Opelousas Compress Company, and Gulf Public Service, Inc., each owns property fronting on the street to be improved. The respective frontage and assessed value of their properties follow: Plaintiff, frontage 1,131 feet, value $3,100.00; Compress, frontage 227 feet, value $52,350.00; and Public Service, frontage 155 feet and 8/10 of a foot, value $68,000.00. Now voting power, under the statute, is based on value not frontage. Hence, their respective voting power per front foot is: Plaintiff, $2.73; Compress, $230.61; and Public Service, $437.10. It follows that the voting power of Compress is 84.47 times that of plaintiff and Public Service's is 160.19 times. But, under the statute, payment for the work is based not on value but on frontage. Therefore, on that basis, Compress would pay per front foot only 20% of what plaintiff would pay, and Public Service, only 13.77%." Plaintiff's Brief, p. 6.

As stated in his brief: "Plaintiff makes no complaint as to the constitutionality or legality of an assessment levied on the basis of the front foot rule to pay for a street improvement as laid down in the statute."

Act No. 289 of 1928, therefore, does not discriminate between the different owners of property abutting upon the street to be graveled, as to the liability of each in connection with the making of the public improvement in question, as the respective owners are compelled by the statute to pay upon the front foot rule basis; and it is not contended in this case by plaintiff that his property will not receive a benefit equal with that of the rest of the abutting property owners, because of the adoption by the statute of the method of payment based upon the front foot rule.

█ Act No. 289 of 1928 provides two methods of initiating the improvement. First, by a petition signed by a majority of abutting property owners in number and in assessed valuation of the property; second, by the ordering of the improvement by the mayor and board of aldermen, upon notice to the property owners affected and the giving of an opportunity to the property owners to protest in the manner provided by the act, the petition of protest to be signed by a majority of the property owners in number and in assessed valuation of the property.

The second method of initiating the improvement was adopted in this case. It is admitted that less than a majority of the property owners in number and in assessed valuation of the property signed the protest, and it follows, therefore, that the graveling of the street in question was approved by a majority of the property owners in number and in value, as required by the statute.

The only question, then, to be decided in the case is whether or not the Legislature of this state may prescribe the method of approval by the abutting property owners adopted by the statute.

If the right of approval of the contemplated improvement was made to depend under the statute, either upon a majority alone in

assessed valuation, or upon a majority alone in number, it would be clear that, in the first instance, a small minority of the abutting property owners, regardless of frontage, could either force or block the paving; and, in the second instance, a mere majority of the abutting property owners, regardless of assessed valuation, could bring about the same result.

In order to equalize, as much as possible, the right to petition for the improvement, or to protest against it, the Legislature has provided under the statute a fair method, by requiring the approval of the proposed improvement by a majority both in number and in the assessed valuation of the abutting property.

We fail to find that, in this respect, Act No. 289 of 1928 operates to deprive complainant and others similarly situated of any rights secured to them by the Federal Constitution.

Indeed, the Legislature of this state was not required to provide at all, either for a petition by any percentage of the property owners, or for an opportunity for those affected to be heard.

In Fourmy v. Town of Franklin, 126 La. 151, page 154, 52 So. 249, 250, the court quoted approvingly from Cooley on Taxation, p. 429, as follows: "With the wisdom or unwisdom of special assessments, when ordered in cases in which they are admissible, the courts have no concern, unless there is plainly and manifestly such an abuse of power as takes the case beyond the just limits of legislative discretion." See, also, Kelly v. Chadwick, 104 La. 719, 29 So. 295.

It is also said in the Fourmy Case that: "The apportionment of the entire cost of a street pavement upon the abutting lots according to their frontage, without any preliminary hearing as to benefits, may be authorized by the Legislature, and this will not constitute a taking of property without due process of law. Margaret French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335." Page 153 of 126 La., 52 So. 249, 250. See, also, Wagner, Inc., v. Leser, 239 U. S. 207, 36 S. Ct. 66, 60 L. Ed. 230.

Our conclusion, therefore, is that Act No. 289 of 1928 is constitutional, and that the ordinance passed thereunder and attacked herein by plaintiff is legal and valid.

■ 2. The district court rendered judgment upholding the constitutionality of the act and the validity of the ordinance in question, and dismissed plaintiff's suit at his costs.

From this judgment plaintiff appealed to the Court of Appeal, First Circuit, and that court, for want of appellate jurisdiction, transferred the case to this court.

This transfer is attacked by plaintiff as erroneous.

In section 10 of article 7 of the present Constitution, it is provided that the Supreme Court "shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested," etc.

Section 3 of the ordinance herein attacked by plaintiff reads as follows: "Be it further ordained, etc., that the entire cost of said improvement, inclusive of the cost of intersec-

tions and necessary adjuncts, shall be borne by the proprietors of abutting real estate, on said portion of said street, so as to be improved, and the same shall be apportioned and paid for in accordance with the provisions of Act No. 136 of the General Assembly of Louisiana for the year 1898, as amended by Act No. 289 of the Legislature of Louisiana, for the year 1928, and other acts amendatory thereof."

There can be no doubt that the ordinance in question levies a "local improvement assessment," and that plaintiff is contesting, in his attack upon the act, the constitutionality of the act itself, and the legality of the "local improvement assessment" levied under the ordinance passed in pursuance of the provisions of the act.

This court, therefore, is properly vested with appellate jurisdiction in the case.

Judgment affirmed.