THE NEW YORK CENTRAL RAILROAD COMPANY

*v.*

THE TOWN OF GLASGOW, *et al.*

(No. 10822)

Submitted September 26, 1956. Decided December 4, 1956.

*Kay, Casto & Chaney, Robert H. C. Kay,* for appellant.

*Bibby & Good, Albert F. Good, Nathan S. Poffenbarger, Jackson, Kelly, Holt & O'Farrell, W. Goodridge Sale,* for appellees.

LOVINS, JUDGE:

This suit involves the validity of certain assessments for street paving against the land of the New York Central Railroad Company abutting on Second and Third Avenues in the Town of Glasgow, Kanawha County, West Virginia. Suit was brought by the New York Central Railroad Company, hereinafter referred to as plaintiff, against the Town of Glasgow, a municipal corporation, hereinafter referred to as defendant, and

Andersons' Inc., a contractor designated hereinafter as contractor. The Circuit Court of Kanawha County, West Virginia, upheld the validity of such assessment and dismissed the bill of complaint. An appeal to this Court followed.

The plaintiff is a foreign corporation authorized to do business in this state and is engaged in interstate and intrastate commerce over trackage owned or leased by it, including the tracks extending through the corporate limits of defendant. The particular land in question seems to be owned by the plaintiff in fee, is 66 feet in width and upon which there is now constructed three tracks consisting of a main line and two side tracks, the side tracks being located on each side of the main line. The railway which passes through the Town of Glasgow has been in operation since 1892, though the land now occupied for railroad purposes was obtained by the predecessor in title of the plaintiff in the year 1883. The land affected is a small portion of plaintiff's trackage in this state.

The defendant was incorporated in 1920. Among other streets laid out were Second and Third Avenues. Plaintiff's land abuts on Second Avenue approximately 1150 feet on the northeastern side, and approximately 410 feet on the southeastern side of Third Avenue.

The defendant, acting through its council, on July 16th and 21st, 1953, adopted a resolution providing for assessment against land abutting on Second and Third Avenues for the purpose of paying for paving such Avenues. Notice was given to the land owners of a meeting to be held on August 24, 1953 for the purpose of hearing protests against the adoption of a proposed ordinance levying assessment for such purpose. Plaintiff appeared at the meeting held on August 24, 1953 and filed a written protest against the assessment of its land for paving improvements. Among other grounds, plaintiff protested for the reason that the proposed improvement would not increase the value of plaintiff's land; that the assessment of said land would amount to taking of private property

for public use without compensation, in violation of the Constitution of the State of West Virginia and of the United States; that the levying of such assessment against plaintiff's land would be an unreasonable and arbitrary exercise of the charter powers possessed by the defendant and, as another reason for such protest, that the plaintiff's land sought to be subjected to the proposed assessment would be used solely and exclusively for purposes of maintaining railroad tracks which would be in use as such beyond the life of the paving improvement and hence that such assessment would constitute a burden on interstate commerce.

The defendant, after notice and hearing, passed the ordinance levying a paving assessment for the improvement of Second and Third Avenues against lots and land abutting thereon, one-half of which assessment was assessed against the plaintiff; that as a part of such ordinance, and as a basis of levying such assessment, the council received and filed the affidavits of three persons to the effect that each of the parcels of land abutting on Second and Third Avenues would be "benefited by the proposed improvement to the extent of the cost thereof". The three persons who made the affidavits considered the land of the plaintiff in its natural state, subject to general uses and purposes to which it might be put rather than the exclusive use for railroad purposes to which it had been, and was then being used.

The defendant advertised and received bids for the performance of the work of the improvement. The contractor was the low bidder and was awarded the contract. Before any work was done, the plaintiff gave notice to the contractor and the defendant that on October 8, 1953, it would file a bill of complaint in the Circuit Court of Kanawha County, West Virginia, and move for temporary injunction.

Before any work was commenced by the contractor however, an additional contract was entered into between the contractor and the defendant. This contract so made

by the defendant and the contractor recognized the protest of the plaintiff, set aside and earmarked from the general revenue of the defendant funds to the amount of the proposed assessment against the plaintiff to compensate the contractor in the event the paving assessment certificates against plaintiff's lands were held invalid. As a consequence, relief by temporary injunction was not sought and the suit came on for hearing on its merits, with the result above stated.

Evidence adduced on behalf of plaintiff establishes without contradiction that the land of the plaintiff here in question will be used for railroad purposes for a time longer than the foreseeable life of the paving; that the plaintiff's land, so long as used for railroad purposes, could not be used for the erection of any structures; that the highest value to which the land can be devoted is for occupancy by railroad tracks and that the value of such land for that purpose and use will not be increased in value to any extent by the paving of Second and Third Avenues. The plaintiff also showed that some portions of its tracks and land is below the levels of the Avenues and other portions higher than such levels.

The plaintiff makes the following assignments of error and now urges those assignments in brief and argument. They are as follows: (1) The absence of such benefit renders the assessment void; (2) the assessment so made is an arbitrary and unreasonable discrimination and violates the due process clauses of the Federal and State Constitutions; (3) the plaintiff is under the jurisdiction of the Public Service Commission of West Virginia and the Interstate Commerce Commission of the United States and can not abandon the railroad without consent of both Commissions; (4) the market value of the land is based on the most advantageous uses to which the land can be devoted; (5) for such use, it has an intrinsic value to the plaintiff which it has a right to consider in determining its value.

The defendant and contractor take the position, first,

that the plaintiff offered no evidence before the council of defendant that the land would not be benefited to the extent of the amount of assessment and hence the action of the council of defendant is a final determination that such special benefits were conferred by the paving improvement to the amount of the special assessments; that the land in its natural condition should be considered and the fact that it was used for the purpose of operating a railway disregarded.

The New York Central Railroad Company, being engaged in interstate and intrastate commerce is subject to the jurisdiction of, and regulated by the Public Service Commission of West Virginia and the Interstate Commerce Commission of the United States. Constitution of West Virginia, Article 11, §9; Code, 31-2-1 and 24-2-1; Title 49 U. S. C. A., Chapters 1 and 2.

The principal question here presented is whether the land owned in fee by the plaintiff under the provisions of Code, 8-8, as amended by Chapter 89, Acts of the Legislature, 1949, Regular Session and Chapters 127 and 128, Acts of the Legislature, 1955, Regular Session, may be subjected to special assessments covering its pro rata part of the cost of paving the two streets upon which such land abuts.

Special assessments have been upheld by this Court. Municipal corporations are given power to improve their streets by paving and otherwise and charge the cost of such improvements to the abutting lot owners. Legislative grants of such power and authority have been frequently sustained as constitutional exercise of legislative authority. *Heavner* v. *City of Elkins,* 69 W. Va. 255, 71 S. E. 184; *Parkersburg* v. *Tavenner,* 42 W. Va. 486, 26 S. E. 179; *Hager* v. *Melton,* 66 W. Va. 62, 66 S. E. 13; *Holswade* v. *City of Huntington,* 96 W. Va. 124, 131, 122 S. E. 449; *Sterling Trust Co.* v. *Charleston Transit Co.,* 126 W. Va. 42, 46, 27 S. E. 2d 256.

In the *Sterling Trust Co.* v. *Charleston Transit Co., supra,* cases from other jurisdictions are cited as sustain-

ing the validity of such actions. See *Louisville & Nashville R. Co.* v. *Barber Asphalt Paving Co.,* 197 U. S. 430, 25 S. Ct. 466, 49 L. Ed. 819; 116 Ky. 856, 76 S. W. 1097; *Town of Clayton* v. *Colorado & So. Ry. Co.,* 51 F. (2d) 977, 82 A. L. R. 417; *Minneapolis, etc. Ry. Co.* v. *City of Minot,* (N.D.) 199 N. W. 875, 37 A. L. R. 211; *Choctaw, etc. Railroad Co.* v. *Mackey,* 256 U. S. 531, 41 S. Ct. 582, 65 L. Ed. 1076.

The defendant contends that having proceeded in accordance with the provisions of Code, 8-8, amended as above noted, with respect to the advisability of, and necessity for such paving and with respect to plans, specifications, estimates and profiles for the proposed paving; having made legislative findings with respect thereto, and, " 'that each lot or parcel of land abutting upon any part of the streets and avenues, or portions thereof, to be improved in accordance herewith, will be specially benefited by such improvements to an extent substantially greater than that portion of the cost of such improvements to be assessed against such lot or parcel of land' ", that such legislative findings are not open to judicial investigation, and cites the case of *Damron* v. *City of Huntington,* 82 W. Va. 401, 96 S. E. 53 in support thereof. This Court now reiterates the holding in the *Damron* v. *City of Huntington, supra,* insofar as it relates to a legislative finding by a municipal council, with respect to procedural matters such as the necessity or advisability of street improvements, the plans, specifications, estimates and profiles for such proposed paving. Those matters are strictly within the province of the council of the defendant. *LaFollette* v. *City of Fairmont,* 138 W. Va. 517, 76 S. E. 2d 572.

A fact determined by a legislative body and made the basis for legislative action is not thereafter open to judicial investigation. *Woodall* v. *Darst,* 71 W. Va. 350, 77 S. E. 264; *City of Avis* v. *Allen,* 83 W. Va. 789, 99 S. E. 188, *LaFollette* v. *City of Fairmont, supra.* See *State* v. *Chambers,* 138 W. Va. 701, 77 S. E. 2d 297, 307. But the findings of a municipal council as to the existence or non-

existence of special benefits accruing to land subject to special assessments is not binding and is subject to judicial review. See *Sterling Trust Co.* v. *Charleston Transit Co., supra,* page 51; *Bowling* v. *City of Bluefield,* 104 W. Va. 589, 593-594, 140 S. E. 685.

Equity will enjoin the enforcement of a void assessment in a proper case. *Sterling Trust Co.* v. *Charleston Transit Co., supra,* pages 51, 52. See *Ohio Fuel Co.* v. *Price,* 77 W. Va. 207, 87 S. E. 202; *Clarksburg Northern Railroad Co.* v. *Morris,* 76 W. Va. 777, 86 S. E. 893; *Turkey Knob Coal Co.* v. *Hallanan,* 84 W. Va. 402, 99 S. E. 849; *Winifrede Coal Co.* v. *Board of Education,* 47 W. Va. 132, 34 S. E. 776.

> "A special assessment is void if shown to be arbitrary and if the presumption of benefits is overcome and the amount of the assessment is plainly shown to exceed the value of the special benefits resulting from the improvement. See 25 R. C. L. p. 138 et seq., secs. 55-66. Also *Wagner* v. *Baltimore,* 239 U. S. 207, 36 S. Ct. 66, 60 L. Ed. 230. * * * we are of the opinion that with two remedies [certiorari or suit in equity] available, the remedy to be applied was a matter of election, and that if injunction would lie to prevent the enforcement of the special assessment as being utterly void, the same question can now be raised as a matter of defense." [emphasis supplied]

*Sterling Trust Co.* v. *Charleston Transit Co., supra.* The validity of such assessment may be tested as to special benefits by injunction. It is incumbent however upon the land owner to show that the special assessment is void in whole or in part on the grounds that no special benefits have accrued. *Bowling* v. *City of Bluefield, supra;* 63 C. J. S., Municipal Corporations, p. 1449.

This suit turns on the existence of special benefits to plaintiff's land, if any.

In *Engineering Co.* v. *Gallaher,* 101 W. Va. 110, 114, 132 S. E. 866, this Court held:

> "The law is well established that the right to make a special assessment against land for improvement is based on the theory that special benefits accrue to the land from such improvement. If there are no special benefits to the land, there should be no special assessment against it. It is equally well settled that an assessment in substantial excess of the benefits conferred by the improvement is, to the extent of such excess, unconstitutional. *Norwood* v. *Baker*, 172 U. S. 269; *Holswade* v. *City of Huntington*, 96 W. Va. 124 (134-5); *City of St. Marys* v. *Locke*, 73 W. Va. 30 (36)."

This Court held in *G. T. Fogle & Company* v. *George W. King, et al.*, 132 W. Va. 224, 51 S. E. 2d 776:

> "A special assessment against abutting properties for street improvement purposes which is in substantial excess of the benefits conferred by the improvement is to the extent of such excess unconstitutional and void."

In the body of the opinion in the *Fogle* case, the following language is used:

> "The correct rule, in our opinion, is that although a street assessment may be validly levied on a 'front foot' basis, yet, such assessment subsequently may be rendered invalid, in part, because it substantially exceeds the value of the special benefits. In this case the special benefits are necessarily the difference between the value of the abutting property immediately before and immediately after the improvements had been made, * * *".

It may be well to inquire into the meaning of "special benefits". There are a number of definitions, but one which is brief and accurate appears in a paving assessment case in Connecticut, in the following language:

> "To justify an assessment of the kind here in question, the benefits accruing to the land by the improvement must be direct, immediate, appreciable, and certain, and not contingent, remote, and uncertain."

*Naugatuck R. Co.* v. *City of Waterbury,* (Conn.) 61 Atl. 474.

A discussion of special assessments which is of value, reads as follows:

> "Special assessments are a peculiar species of taxation, standing apart from the general burdens imposed for state and municipal purposes, and governed by principles that do not apply generally. The general levy of taxes is understood to exact contributions in return for the general benefits of government, and it promises nothing to the persons taxed, beyond what may be anticipated from an administration of the laws for individual protection and the general public good. Special assessments, on the other hand, are made upon the assumption that a portion of the community is to be specially and peculiarly benefited, in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds; and, in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it."

Cooley on Taxation, Edition of 1876, Chapter XX, §1.

The trial court in its opinion states: "* * * a railroad right-of-way, whether owned in fee or held by easement, is liable for special assessments for local improvements, if it can be said to be benefited by the improvements." Of course, that is the entire question here, but what rule is to be followed to determine such question?

The defendant contends that such benefits are to be determined with reference to the general uses to which the property is susceptible and with reference to its natural and unaltered physical condition rather than with reference to the use to which it is now devoted.

This record discloses that the predecessor of the plaintiff acquired title to this land in 1883 and that it came into the possession of the plaintiff in 1892 at which

time the Town of Glasgow did not exist and the land now occupied by the municipality was a farm; that the railway tracks through what is now the Town of Glasgow have not been materially altered or changed since the date of the organization of the municipality, and that the contours and topography of the land, the ditches and steep banks are practically the same now as they were at the time the railway was constructed; that the defendant was incorporated in 1920 and the streets involved in this proceeding laid out shortly thereafter.

The testimony is further to the effect that this land will not in all probability be abandoned by the plaintiff as a railroad or relocated within the next one hundred years and certainly not within the time the improvements to these streets are in existence. In such circumstances, are we to determine the value of this land for these improvements as it was originally, as farm land, for its possible use as a subdivision, or as presently used after the expenditure of much money for construction and maintenance for the purpose to which the owner has devoted it. The trial court, in its opinion quoted *Sterling Trust Co.* v. *Charleston Transit Co., supra,* that "Of course, determination of the question of benefits is not to be confined to the present use of the property involved". This may be true, but at the same time the present use to which it is devoted cannot be excluded from consideration and some other possible but highly improbable use substituted in lieu thereof. The present use, to be continued for a long period of time in the future, is an evidential fact which must be considered. *City of Chicago* v. *Chicago & N. W. Ry. Co.,* 115 N. E. 836; *City of Barre* v. *Barre & Chelsea R. Co.* 123 Atl. 427; 15 Cyclopedia of Law and Procedure, 727. We are of the opinion that the land must be considered as of the time of the levy and its present use, that being its most advantageous present use, and when so considered, in consideration of the evidence in this case, the assessment certainly is not based on any benefit. See *Railway Company* v. *Davis,* 58 W. Va. 620, 52 S. E. 724; *Guyandotte*

*Valley Railway Co.* v. *Buskirk,* 57 W. Va. 417, 50 S. E. 521.

The defendant here seeks to require plaintiff to pay one-half of the assessments for these streets entirely on a front footage basis. The other property owners on the opposite side of these streets will and do receive special benefits from such improvements since they will make continuous use of such streets, but the only use to which plaintiff can put these streets is on rare occasions when repairs by truck to plaintiff's telegraph lines, which repairs as shown by proof could be made by using unimproved streets; but as a matter of fact, are usually made from equipment on plaintiff's tracks. In consideration of such facts, can it be said that any direct, immediate, appreciable and certain benefits accrue to the plaintiff? To the contrary, it appears the plaintiff is asked to pay one-half of the cost for something that benefits other property owners but does not benefit the plaintiff. We are of the opinion no benefits accrued to the plaintiff's land and that the assessment cannot be sustained.

This case may be distinguished from the case of *Sterling Trust Co.* v. *Transit Co., supra,* for three reasons: (1) In the *Sterling* case the reassessment was made in January, 1933, recorded in the county clerk's office March 15, 1933, and suit was instituted July 17, 1935, the decree of the circuit court was entered December 19, 1942 and the decision of this Court in October, 1943; thus it appears that more than two years elapsed between the time of the assessment and its recordation and the institution of that suit; whereas in the instant case suit was instituted for injunctive relief before certificates were actually issued or any work done by the contractor; (2) in the *Sterling* case, there was involved a local street car property which could or might be discontinued at any time, whereas here we are dealing with a property of an interstate and intrastate railway which has been operating for many years and according to the evidence, will continue to operate for a period far in excess of the life of the improvement; (3) and more importantly, in

the *Sterling* case there was failure to prove lack of special benefits whereas in this case the plaintiff has carried this burden without doubt.

As is hereinabove stated, we have been cited to cases from Federal Courts and other jurisdictions which hold paving assessments which are greater than the special benefit violates the due process clause in the Fourteenth Amendment to the Constitution of the United States and the equal protection provisions of the Federal Constitution, but because of our holding that no special benefits accrued to plaintiff's land and the decisions of this Court, we are not called upon to discuss the due process and equal protection clauses of the Federal Constitution in connection with the instant case.

In accordance with the foregoing, the decree of the Circuit Court of Kanawha County is reversed, the bill of complaint is reinstated, and this cause is remanded to that Court with directions to make a decree declaring the certificates of assessment issued by the defendant against the plaintiff's land void, and perpetually enjoining their collection.

*Reversed and remanded with directions.*